**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAYMOND CHAMBERS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIDLAND CREDIT MANAGEMENT, )<br>INC, MIDLAND FUNDING, LLC, and )<br>INTEGRITY SOLUTION SERVICES, INC.)<br>f/k/a NATIONAL ASSET RECOVERY )<br>SERVICES, INC. )<br>Defendants. )<br>_____) | Case No. 1:13-cv-08197-RWS<br><br>**COMPLAINT**<br>ECF CASE<br><br>**Jury Trial Demanded** |

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

**PARTIES**

4. Plaintiff Raymond Chambers ("Plaintiff") is a natural person who at all relevant times resided in the State of New York, County of Bronx, and City of Bronx.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Midland Funding, LLC ("Midland Funding") is a Delaware corporation, with its principal place of business in San Diego, California.

7. Midland Funding is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties.

8. Midland Funding, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Midland Funding is "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant Midland Credit Management ("MCM") is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including Midland Funding, and performs collection services on their behalf.

11. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant National Asset Recovery Services, Inc. ("NARS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. NARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendants.

15. Midland Funding and MCM act jointly and in concert to collect consumer debts.

16. Midland Funding and MCM acted jointly and in concert to collect an alleged consumer debt from Plaintiff.

17.     Defendants acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due, a creditor, when the debt was in default.

18.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a WebBank Fingerhut Credit Account ("the Debt").

19.     In connection with the collection of the Debt, NARS sent Plaintiff initial written communication dated October 12, 2012, stating that the "Amount Due" as $2817.76.  (See October 12, 2012 NARS Letter, attached as Exhibit A).

20.     NARS' October 12, 2012 written communication did not state that interest was accruing on the Debt.  (See Exhibit A).

21.     Upon information and good-faith belief, the Debt was subject to accrual of interest.

22.     NARS' October 12, 2012 written communication is misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

23.     NARS's omission of material information in its October 12, 2012 written communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

24.     Thus, NARS' October 12, 2012 written communication failed to clearly and effectively state the amount of the Debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

25.     In the alternative, by failing to disclose that the Debt was accruing interest in its October 12, 2012 written communication, NARS and any subsequent owners or collectors of the Debt waived any right to charge interest on the Debt.

26.     In connection with the collection of the Debt, NARS sent Plaintiff subsequent written communication, dated December 14, 2012 that provided the "Amount Due" as $2817.76.  (See NARS' December 14, 2012 Correspondence, attached as Exhibit B)

27.     Thereafter, Midland Funding purchased the Debt and placed the Debt with MCM to collect the Debt.

28.     In connection with the collection of the Debt, MCM, itself and on behalf of Midland Funding, sent Plaintiff written communication dated February 2, 2013, that provided the "current balance" of the Debt as $3271.68.  (See MCM's February 2, 2013 Letter, attached as Exhibit C).

29.     MCM's February 2, 2013 stated that the Debt was subject to an "Interest Rate" of 15% and further, provided the "Accrued Interest" as $453.92.  (See Exhibit C).

30.     In the alternative, WebBank and/or NARS ceased attempting to collect on the Debt from Plaintiff after the date of charge-off.

31.     In the alternative, WebBank ceased charging interest on the Debt after the date of charge-off.

32. In the alternative, NARS ceased charging interest on the Debt after it acquired the Debt from WebBank.

33. Upon information and good-faith belief, it is WebBank's regular business practice to cease collecting interest on an account after charge-off, in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

34. In the alternative, WebBank and/or NARS waived their right to subsequently charge interest on the Debt.

35. After the date of charge-off, WebBank sold the Debt to a debt buyer, Midland Funding.

36. When Midland Funding purchased the Debt from WebBank, Midland Funding, as the alleged assignee, took all rights, title and interest of WebBank existing as of the date of sale.

37. Thereafter, Midland Funding placed the Debt with MCM to collect the Debt from Plaintiff.

38. In the alternative, upon information and good-faith belief, MCM itself and on behalf of Midland Funding, retroactively assessed interest on the Debt between the date of charge-off and the date the Debt was placed in its office for collection.

39. In the alternative, if the Debt was not subject to accrual of interest, then MCM, itself and on behalf of Midland Funding, falsely represented that the debt was accruing interest at the rate of 15%.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### NARS

40. Plaintiff repeats and re-alleges each and every factual allegation contained

above.

41. NARS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt when failing to state that the Debt was continuing to accrue interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NARS violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(10)
### NARS

42. Plaintiff repeats and re-alleges each and every factual allegation contained above.

43. NARS violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting the amount of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NARS violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MCM

44. Plaintiff repeats and re-alleges each and every factual allegation contained above.

45. In the alternative, MCM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by representing that interest had accrued on the Debt from the date of charge off to the date it acquired the Debt, when no prior holder of the Debt was charged interest, and MCM retroactively added it to the Debt without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)
## MCM

46. Plaintiff repeats and re-alleges each and every factual allegation contained above.

47. In the alternative, MCM violated 15 U.S.C. § 1692e(5) by threatening and actually taking an action that it could not legally take by assessing interest on Plaintiff's alleged debt where no prior holder of the Debt charged interest, and MCM retroactively added it to the Debt without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that MCM violated 15 U.S.C. § 1692e(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MCM

48. Plaintiff repeats and re-alleges each and every factual allegation contained above.

49. In the alternative, MCM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: representing that interest had accrued on the Debt from the date of charge off to the date it acquired the Debt, when no prior holder of the Debt charged interest, and MCM retroactively added it to the Debt without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that MCM violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MIDLAND FUNDING

50. Plaintiff repeats and re-alleges each and every factual allegation contained above.

51. In the alternative, MCM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: representing that interest had accrued on the Debt from the date of charge off to the date it acquired the Debt, when no prior holder of the Debt charged interest, and MCM retroactively added it to the Debt without the legal right to do so.

52. Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692e(5)
## MIDLAND FUNDING

53. Plaintiff repeats and re-alleges each and every factual allegation contained above.

54. In the alternative, MCM violated 15 U.S.C. § 1692e(5) by threatening and actually taking an action that it could not legally take by assessing interest on Plaintiff's alleged debt where no prior holder of the Debt charged interest, and MCM retroactively added it to the Debt without the legal right to do so.

55. Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### VIOLATION OF 15 U.S.C. § 1692e(10)
### MIDLAND FUNDING

56. Plaintiff repeats and re-alleges each and every factual allegation contained above.

57. In the alternative, MCM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: representing that interest had accrued on the Debt from the date of charge off to the date it acquired the Debt, when no prior holder of the Debt charged interest, and MCM retroactively added it to the Debt without the legal right to do so.

58. Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

 e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

 f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby demands a trial by jury.

This 29th day of October, 2013.

ATTORNEYS FOR PLAINTIFF
*Raymond Chambers*

Respectfully submitted,

_____
Jeanne Lahiff, Esq.
NY Bar No. 2252435
***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012